O

# United States District Court
# Central District of California

| | |
|---|---|
| R.A., a minor, by and through his *guardian ad litem* Adrianne Penrose, individually and as a successor in interest to John C. Armes, deceased,<br><br>              Plaintiff,<br><br>    v.<br><br>CHRIS MORRIS; TANYA ARMES, a nominal defendant; D.A., a minor, a nominal defendant,<br><br>              Defendants. | Case № 5:14-cv-0077-ODW(PJWx)<br><br>**ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION TO DISMISS [56]** |

## I. INTRODUCTION

This case arises from the fatal shooting of John C. Armes. At the time of the shooting, the decedent's significant other was pregnant with R.A, who is currently a minor. By and through his *guardian ad litem*, Plaintiff filed suit as a representative of decedent's estate and individually against three defendants and seeks wrongful death and survival damages under federal and state law. Defendant Chris Morris filed the instant Motion to Dismiss Plaintiff's Third Amended Complaint. For the reasons discussed below, the Court **DENIES in part and GRANTS in part** Defendant's Motion.[1] (ECF No. 56.)

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

## II. FACTUAL BACKGROUND

On February 11, 2013, John C. Armes was fatally shot by Christopher Morris. (TAC ¶ 16.) The decedent was a fugitive felon and Morris was a parole agent for the California Department of Corrections and Rehabilitation Fugitive Apprehension Team. (*Id* ¶ 4; Mot. 4.)

Just before the shooting, Armes' vehicle crashed into Morris'. (Opp'n 8.) Armes climbed out a car door window and attempted to flee on foot. (TAC ¶ 16.) According to Plaintiff, Armes "had nothing in his hands" and "did not pose an immediate threat of death or serious injury to any individual, including any of the deputies on the scene." (*Id*.) Plaintiff alleges that Armes did not pose a threat to Morris because Morris "was in a position of safety and cover behind a vehicle." (*Id*.) Plaintiff further alleges that a "cellphone video taken by a bystander depicts the shooting" and confirms that Armes had nothing in his hands as he was running away and no one was in immediate danger when he was shot. (*Id*. ¶ 18.) Plaintiff concludes that Morris' use of "deadly force against decedent was excessive and objectively unreasonable," and "unrelated to any legitimate law enforcement objective." (*Id*. ¶ 19.)

At the time of the shooting, decedent's significant other, Adrianne Penrose, was pregnant with R.A. (SAC ¶ 3.) On January 13, 2014, counsel filed an Application for Appointment of Adrianne Penrose as Guardian Ad Litem for R.A and a declaration required by California Code of Civil Procedure § 377.32 to file suit as a representative of decedent's estate. (ECF No. 1.) The Court granted the Application. (ECF No. 2.) By and through his *guardian ad litem*, R.A. filed suit in his individual capacity and as a successor in interest. (TAC ¶ 3.) Plaintiff alleges he is decedent's successor in interest as defined in § 377.11 and succeeds decedent's interest as his biological child. (*Id*. ¶ 21.)

On January 22, 2014, Plaintiff filed suit against the County of Riverside, United States Marshals Service and DOES 1–10, inclusive. (ECF No. 5.) On June 10, 2014,

pursuant to a Joint Stipulation to Amend, Plaintiff filed a First Amended Complaint naming Chris Morris as a defendant. (ECF No. 18.) Morris is sued in his individual capacity. (TAC ¶ 27.) On August 29, 2014, Plaintiff filed a Request for the Clerk to Enter Default against Morris. (ECF No. 35.) The Clerk entered default; however, on September 10, 2014, Morris filed a Stipulation to Set Aside Default because service was defective. (ECF No. 41.)

On September 11, 2014, Plaintiff filed a Second Amended Complaint naming only Morris as a defendant. (ECF No. 43.) After Plaintiff filed the Second Amended Complaint, the parties settled several issues and requested the Court grant Plaintiff leave to file a Third Amended Complaint. (ECF No. 46.) The Court granted leave. (ECF No. 47.) On October 23, 2014, Plaintiff filed a Third Amended Complaint ("TAC") naming Morris as a defendant and Tanya Armes and D.A., a minor, as nominal defendants.[2] (ECF No. 48.) Tanya was listed as decedent's wife on his death certificate and D.A. is Tanya and decedent's daughter. (*Id.*) Tanya and D.A. have not responded to Plaintiff's TAC.

Plaintiff brings a Fourth Amendment excessive force and Fourteenth Amendment substantive due process claim under 42 U.S.C. § 1983. (TAC.) Plaintiff also asserts two state law wrongful death claims for battery and negligence. (*Id.*) Plaintiff seeks survival and wrongful death damages under federal and state law, including pain and suffering and loss of enjoyment of life, funeral and burial expenses, and loss of financial support. (*Id.* ¶ 29.) Plaintiff seeks exemplary and punitive damages. (*Id.* ¶ 46.) Plaintiff also seeks attorney's fees. (*Id.* ¶ 30.)

On November 21, 2014, Morris filed the instant Motion to Dismiss Plaintiff's Third Amended Complaint "based on Plaintiff's lack of standing to bring this action under Federal Rule of Procedure 12(b)(1) and for failure to state a claim under Rule

---

[2] The Court refers to Tanya Armes as "Tanya" because she and decedent share the same last name.

12(b)(6)." (ECF No. 56.) Tanya and D.A. did not join.[3] (*Id.*) Defendant requests the Court take judicial notice of state records that establish decedent's fugitive felon status at the time of the shooting and his criminal history.[4] (*Id.*)

### III. LEGAL STANDARD

**A. 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of a complaint for lack of subject-matter jurisdiction. The Article III case or controversy requirement limits a federal court's subject-matter jurisdiction. *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1121–22 (9th Cir. 2010). When a motion to dismiss attacks subject-matter jurisdiction on the face of the complaint, the court assumes that the factual allegations in the complaint are true and draws all reasonable inferences in the plaintiff's favor. *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009).

**B. 12(b)(6)**

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the

---

[3] Unless otherwise noted, the Court refers only to Morris as "Defendant."
[4] The Court **GRANTS** Defendant's Request for Judicial Notice.

4

pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

As a general rule, a court should freely give leave to amend a complaint that has been dismissed. Fed. R. Civ. P. 15(a). But a court may deny leave to amend when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.1986); *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV. DISCUSSION

Defendant argues that the Court should dismiss Plaintiff's Third Amended Complaint because: (1) Plaintiff lacks standing as a successor in interest to bring this lawsuit as a survival cause of action; (2) Plaintiff's Fourth Amendment claim fails because the force used to make arrest was objectively reasonable under the circumstances; (3) Defendant is entitled to qualified immunity while attempting to capture a fleeing felon; (4) Plaintiff's substantive due process claim under the Fourteenth Amendment fails; (5) the Court should decline supplemental jurisdiction over Plaintiff's state law wrongful death claims; and (6) Defendant is entitled to immunity under California law for discretionary acts in making an arrest. (Mot. 4–5.)

*1. Plaintiff's Standing As Successor in Interest*

Defendant argues that Plaintiff lacks standing because Adrianne Penrose's declaration fails to establish R.A. as decedent's successor in interest, and any damages resulting from the survival causes of action are community property and owed to decedent's surviving spouse. (*Id.* at 4.) The Court must first address whether Plaintiff has standing to pursue a survival action before addressing whether he has successfully

stated a claim for a survival action. *Moreland v. Las Vegas Metro., Police Dep't,* 159 F.3d 365, 369 (9th Cir.1998).

Pursuant to California Code of Civil Procedure § 377.32(a)(6), a successor in interest must file a declaration under penalty of perjury stating that "[n]o other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action or proceeding."

Penrose filed a declaration on Plaintiff's behalf stating that no one has a superior right and Plaintiff is decedent's successor in interest as defined in § 377.11 and succeeds decedent's interest as his biological child. (TAC ¶ 21.) Pursuant to § 377.11, a successor in interest is "the beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action or to a particular item of the property that is subject of as cause of action." When a decedent does not leave a will, beneficiary is defined as "the sole person or all of the persons who succeed to a cause of action under Sections 6401 and 6402 of the Probate Code." Cal. Civ. Proc. Code § 377.10.

Defendant argues that Tanya "has superior right to bring any survival action" because she "inherits the largest fractional share of the estate under the laws of intestacy." (Mot. 5.) Defendant concludes that under Sections 6401–6402 "R.A. may only bring a survival action if Decedent is not survived by a spouse or domestic partner." (*Id.*) Defendant also argues, "Plaintiff does not qualify as a successor in interest to the survival cause of action because the sole beneficiary of Decedent's community property is Decedent's wife." (*Id.* at 6.)

Plaintiff contends that no authority supports the proposition that an individual has a superior right to act as a decedent's successor in interest due to a larger intestate share. (Opp'n 9.) Plaintiff further contends that "Defendant's arguments about community property . . . only concern how any survival damages awarded would be apportioned among Plaintiff and any other possible survivor of decedent." (*Id.* 12.)

The Court finds Defendant's case law factually dissimilar and unpersuasive.

6

Defendant cites *Walker v. Fresno Police Dep't*, No.1:09-CV-1037 OWW GSA, 2010 WL 582084, at *6 (E.D. Cal. Feb. 11, 2010), in which the court concluded:

> If decedent passed away without leaving a will, the person(s) who succeed to a cause of action are defined in Sections 6401 and 6402 of the California Probate Code. Cal.Code Civ. Proc. § 377.10. If a decedent does not have a surviving spouse or domestic partner, the estate passes to "the issue of the decedent." Cal. Prob.Code § 6402(a). "If there is no surviving issue," the estate passes "to the decedent's parent or parents equally." Cal. Prob.Code § 6402(b).

(Mot. 5.)

Section 6401 governs the division of the "intestate share of the surviving spouse," and Section 6402 governs the division of "the intestate estate not passing to the surviving spouse, under 6401, or the entire intestate estate if there is no surviving spouse." Cal. Prob. Code §§ 6401(a), 6402. In *Walker*, the decedent had no surviving spouse and at least two living children. *Walker*, 582084 at 6. Decedent's mother could not bring suit because under Section 6402 only decedent's children stood to inherit. As a result, the court found that only decedent's children could be successors in interest to a survival action.

Under Section 6401, "the intestate share of the surviving spouse is the one-half of the community property," and under Section 6402 decedent's children are the first in line and take equally. Cal. Prob. Code §§ 6401(a), 6402(a).[5] Thus, unlike in *Walker*, Plaintiff is legally entitled to part of decedent's estate.

The Court finds that Tanya's one-half interest (or two-thirds counting D.A.'s share) in decedent's estate does not confer upon her a "superior right" to commence the instant action as decedent's successor in interest. As decedent's wife at his time of death, Tanya is entitled to the community property. However, in light of Plaintiff's

---

[5] Under Section 6401, Tanya will take one-half of decedent's estate and under Section 6402, D.A. and R.A. will share equally the remainder of decedent's estate, each taking one-quarter.

guaranteed interest in decedent's estate, Defendant fails to establish that Tanya's interest, while greater, is a superior right within the meaning of § 377.32.

Defendant also fails to establish that Tanya's right to community property entitles her to *all* damages resulting from the survival causes of action. The Court is not persuaded that "the survival causes of action under Section 1983 are barred because the successor in interest is decedent's surviving spouse." This argument merely assumes—but does not prove—that Tanya is decedent's *only* successor in interest.

Therefore, the Court finds that Penrose's declaration establishes Plaintiff's standing as decedent's successor in interest pursuant to § 377.32 and right to damages resulting from the survival causes of action.

### 2. *Plaintiff's Fourth Amendment Claim—Excessive Force*

Defendant argues that in the interest of fairness the Court should treat additional allegations as true for purposes of Rule 12(b)(6). In the TAC, Plaintiff references portions of a cell phone video but, Defendant alleges, Plaintiff deliberately omits decedent's actions preceding the shooting. (Mot. 9) (citing Fed. R. Evid. 106.) Defendant argues "[o]n information and belief, the video shows that, moments before" the shooting decedent "(1) fled from law enforcement officers, (2) drove the stolen vehicle in a residential neighborhood, and (3) crashed head-on into Defendant Morris's vehicle." (*Id*. 8–9.) Rule 106 provides:

> If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part — or any other writing or recorded statement — that in fairness ought to be considered at the same time.

Fed. R. Evid. 106. Plaintiff does not address Defendant's argument.

Rule 106 applies to writings and recorded statements. *See id*. Plaintiff

8

references portions of a cell phone video, not a writing or recorded statement. Rule 106 does not apply. The cases Defendant cites permit courts to consider when plaintiffs reference or deliberately omit reference to *documents*. (Mot. 9.) These cases do not apply. Accordingly, the Court need not treat as true Defendant's version of events just before the shooting.

Defendant argues the force used to "prevent Decedent's escape was objectively reasonable under the circumstances." (*Id.* at 10.) Defendant also argues that "[t]he facts alleged do not show that the force used by Defendant to prevent Decedent's escape was unreasonable." (*Id.*) Most of Defendant's Motion hinges on this point. Plaintiff contends that "even taking Defendant's alleged version of the incident into account (which is not the standard by which this motion should be evaluated), Plaintiff's complaint still sets forth a facially plausible claim for excessive force." (Opp'n 13.)

At this stage, the Court's inquiry is limited to whether Plaintiff has pleaded sufficient facts to state a claim for excessive force. *Ashcroft*, 556 U.S. 678. In the TAC, Plaintiff alleges Defendant shot and killed decedent while decedent attempted to flee on foot and posed no immediate threat of death or serious injury to anyone at the scene. Defendant devotes a single, conclusory sentence to the pleading yet spends two pages arguing Defendant used reasonable force. This sentence—"[t]he facts alleged do not show that the force used by Defendant to prevent Decedent's escape was unreasonable"—does not explain *how* Plaintiff's pleading is defective. Furthermore, whether Defendant in fact used appropriate force is a factual determination for the trier of fact.

Therefore, the Court finds that Plaintiff has pleaded sufficient facts to state a Fourth Amendment claim for excessive force.

3. *Qualified Immunity*

Defendant argues that he is "entitled to qualified immunity because it would not

have been apparent to a reasonable officer in the same circumstance that shooting Decedent to prevent his escape was unconstitutional." (Mot. 12.) Defendant further argues that "Plaintiff has not alleged sufficient facts showing that Defendant Morris would have known his use of deadly force against Decedent was unconstitutional in the situation he confronted." (*Id*.) Plaintiff contends that Defendant's position is based on disputed issues of fact that are not appropriate for resolution at this stage. (Opp'n 17.) Plaintiff further contends that the TAC sets forth a facially plausible claim that Defendant violated clearly established law—"[p]laintiff submits that the law gave Defendant 'fair warning' that it is unconstitutional to shoot an unarmed person without warning." (*Id.* 18.)

A defendant is entitled to qualified immunity if the plaintiff's allegations, taken as true, do not establish that the defendant violated a "clearly established" constitutional right. *See Saucier v. Katz,* 533 U.S. 194, 201 (2001). Whether a constitutional right is "clearly established" depends on the "objective reasonableness of an official's conduct, as measured by reference to clearly established law." *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Saucier*, 533 U.S. at 202. ("The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.")

Again, at this stage, the Court's inquiry is limited. The Court must determine only whether Plaintiff has pleaded sufficient facts to establish that the defendant violated a clearly established constitutional right. Defendant argues that "an officer is permitted to use deadly force to arrest a fleeing felon when the officer reasonably believes that the felon poses a risk of serious physical harm to officers or others." (Mot. 13.) Even assuming Defendant's statement of the law is correct, Plaintiff alleges Defendant shot and killed decedent when decedent attempted to flee on foot and *posed no immediate threat of death or serious injury to anyone at the scene*. The

Court need not determine whether decedent actually posed a threat since this is a factual determination for the trier of fact. However, Plaintiff's allegations, taken as true, establish that Defendant violated a clearly established constitutional right.

*4. Plaintiff's Fourteenth Amendment Claim—Substantive Due Process*

Defendant argues that the Court should dismiss Plaintiff's Fourteenth Amendment claim "because Defendant's decision to use deadly force against Decedent Armes was based on the unexpected actions of Decedent, a fugitive, who had just moments before crashed his stolen vehicle head-on into Defendant's vehicle." (*Id*. at 14.) Defendant also argues that Plaintiff's Fourteenth Amendment substantive due process claim should be dismissed because courts examine the force used to make an arrest under the Fourth, not Fourteenth, Amendment. (Reply 12.) Plaintiff contends that the trier of fact could reasonably infer that Defendant shot decedent when he was running away and unarmed. (Opp'n 22.) Plaintiff also contends that the excessive force and substantive due process claims permit different categories of damages. (*Id*.)

Defendant concedes that official conduct, which "shocks the conscience" in depriving a child's liberty interest in companionship and society with a parent, "is cognizable as a violation of due process." (Mot. 14) (quoting *Wilkinson v. Torres*, 610 F.3d 546, 554 (9th Cir. 2010)). In determining whether excessive force shocks the conscience, a court must first determine "whether the circumstances are such that actual deliberation [by the officer] is practical." *Porter v. Obsorn*, 546 F.3d 1131, 1137 (9th Cir. 2008) (quoting *Moreland*, 159 F.3d at 372) (internal quotation marks omitted)).

When actual deliberation is practical, an officer's "deliberate indifference" may suffice to shock the conscience. *Tennison v. City and County of San Francisco*, 570 F.3d 1078, 1089 (9th Cir. 2009). "Deliberate indifference is the conscious or reckless disregard of the consequences of one's acts or omissions. It entails something more

than negligence but is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." (*Id.*) When an officer makes a snap decision due to an escalating situation, an officer's conduct may be found to shock the conscience only if he acts with a purpose to harm unrelated to legitimate law enforcement objectives. *Wilkinson*, 610 F.3d at 554.

The Court must determine whether Plaintiff has pleaded sufficient facts to establish Defendant used excessive force that "shocks the conscience," which requires the Court first determine whether Plaintiff pleaded sufficient facts to establish that actual deliberation by Defendant was practical. Plaintiff alleges Defendant shot and killed decedent for attempting to flee when decedent posed no threat to anyone at the scene. From this, the Court infers that Defendant had time to deliberate before shooting decedent as decedent did not pose an immediate threat. The Court recognizes the possibility that decedent posed a threat to others at the scene; however, at this stage, the Court takes Plaintiff's allegations as true.

Additionally, the Court finds unpersuasive Defendant's argument that Plaintiff's Fourteenth Amendment claim must be dismissed because courts examine the force used to make an arrest under the Fourth, not Fourteenth, Amendment. Plaintiff brings the Fourth Amendment claim on behalf of decedent, thereby limiting him to *decedent's* damages. He brings the Fourteenth Amendment claim individually. The Supreme Court cases on which Defendant relies each had a single Plaintiff.[6] Defendant does not city any authority that requires this Court to limit Plaintiff's recovery to decedent's damages and thereby preclude Plaintiff from bringing suit and obtaining recovery individually.

5. *Supplemental Jurisdiction*

Defendant argues that the Court should decline supplemental jurisdiction over Plaintiff's state law tort claims because "no federal claims should remain in this

---

[6] *Graham v. Connor*, 490 U.S. 386, 395 (1989); *Albright v. Oliver*, 510 U.S. 266, 273 (1994).

action." (Mot. 16.) Plaintiff's federal claims will remain in this action. Therefore, the Court rejects this argument and retains jurisdiction over Plaintiff's state law claims.

### 6. *Immunity Under California Law*

Defendant argues he is entitled to immunity under California law because "California law bars liability for a justifiable homicide." (*Id.* at 17.) Defendant relies on Discretionary Act Immunity in Government Code Section 820.2 and California Penal Code Section 196. Plaintiff contends that immunity under California law does not apply to the instant action because Defendant used excessive force. (Opp'n 23.)

The Court rejects Defendant's state immunity arguments for the same reason it rejects Defendant's federal qualified immunity arguments: Plaintiff has pleaded sufficient facts to establish that Defendant used excessive force.

### 7. *Plaintiff's Standing to Bring a Claim for Battery and Negligence*

Defendant argues that Plaintiff may only recover damages for battery and negligence on behalf of decedent and California law bars recovery for pre-death pain and suffering. (Mot. 18.) Defendant also argues that Plaintiff may not recover funeral and burial expenses because these damages were incurred before Plaintiff's birth. (*Id.* at 19.) Plaintiff concedes that he may only recover on behalf of decedent. (Opp'n 24.) However, Plaintiff contends that California's bar on pre-death pain and suffering damages does not apply to §1983 claims. (*Id.* 25.) Plaintiff does not dispute Defendant's objection to funeral and burial expenses.

The Ninth Circuit held in *Chaudhry v. City of Los Angeles*, 751 F.3d 1096 (9th Cir. 2014) that California's bar on pre-death pain and suffering damages does not apply to § 1983 claims where decedent's death was caused by a violation of federal law. Therefore, the Court finds that Plaintiff may recover such damages. Because Plaintiff failed to explain why the Court should permit funeral and burial expenses, the Court **DISMISSES** these damages **WITHOUT Leave to Amend**.

## V. CONCLUSION

For the reasons discussed above, the Court **DENIES in part and GRANTS in part** Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint. (ECF No. 56.) In the event the parties determine a new schedule is necessary in light of the Court's decision, the Court **ORDERS** the parties to submit **proposed modifications no later than Monday, March 23, 2015**.

**IT IS SO ORDERED.**

March 16, 2015

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**